IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CGI TECHNOLOGIES AND SOLUTIONS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civ. Action No.: 2:16-cv-20-MHT-SRW |
| BUTTER AND EGG ADVENTURES, LLC f/k/a CAMP BUTTER & EGG, LLC, et al. | ) ) ) ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

On March 21, 2016, this matter was referred to the undersigned by U.S. District Judge Myron H. Thompson for disposition or recommendation on all pretrial matters. (Doc. 16).  See also 28 U.S.C. § 636(b); Rule 72, Fed. R. Civ. P.; United States v. Raddatz, 447 U.S. 667 (1980); Jeffrey S. v. State Board of Education of State of Georgia, 896 F.2d 507 (11th Cir. 1990).

The parties are diverse, and the complaint contains allegations sufficient to demonstrate that the amount in controversy requirement is met. (Doc. 1). This matter is before the court on defendant's motion to dismiss for lack of subject matter jurisdiction (Doc. 10), which has been fully briefed.  For the reasons stated herein, the undersigned recommends that the motion to dismiss is due to be DENIED.

**I.     Standard of review.**

Though defendant does not cite Fed. R. Civ. P. 12(b)(1) in his motion to dismiss, motions to dismiss for lack of subject matter jurisdiction are properly brought under that rule; therefore, the court will apply the standard of review appropriate for 12(b)(1) motions. "A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction and Rule 12(b)(1) permits a facial or factual attack." Willett v. U.S., 24 F.Supp.3d 1167, 1173 (M.D. Ala. 2014) (citing McElmurray v. Consol. Gov't of Augusta-Richmond Cnty., 501 F.3d 1244, 1251 (11th Cir. 2007)).  The standard of review that this court applies to a 12(b)(1) motion to dismiss depends on whether defendant is making a "factual attack" or a "facial attack" on this court's jurisdiction. See Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990) (distinguishing "factual" attacks on subject matter jurisdiction from "facial attacks" and explaining the standard of review that applies to each). "On a Rule 12(b)(1) facial attack, the court evaluates whether the plaintiff 'has sufficiently alleged a basis of subject matter jurisdiction" in the complaint and employs standards similar to those governing Rule 12(b)(6) review.'" Willett, 14 F.Supp.3d at 1173. (citing Houston v. Marod Supermarkets, Inc., 733 F.3d 1323, 1335 (11th Cir. 2013)).  On a facial attack, the court must consider the allegations of the complaint to be true. When the attack is factual – i.e., the movant challenges the existence of subject matter jurisdiction in fact and irrespective of the pleadings – the court considers matters outside the pleadings, such as testimony and affidavits. See Lawrence, 919 F.2d at 1529. The attack in this case is dependent solely on the allegations of the complaint and is, therefore, a facial attack.

## II.     Facts

On July 12, 2013, plaintiff CGI Technologies and Solutions, Inc. held a team-building event for its employees at defendant Butter and Egg Adventures, LLC.'s facility in Troy, Alabama. (Doc. 1 at ¶14). One of the events involved a rock climbing wall. (Id. at ¶16). Plaintiff's employee, William Zuhkle, Jr. ("Zuhlke") participated in the rock wall event (id. at ¶¶ 13-16); an employee of the defendant supervised that event. (Id. at ¶16). When Zuhlke reached a height of approximately eight to ten feet, he informed the supervisor that he was ready to return to the ground. (Id.). The supervisor directed Zuhlke to lean into the rope. (Id.). The supervisor was unprepared for Zuhlke to lean in when he did so. (Id.). Zuhlke fell directly to the ground and incurred bodily injuries, which required medical treatment. (Id. at ¶17). Zuhlke instituted a clam against plaintiff for workers' compensation benefits. (Id. at ¶19). As of the date of the complaint's filing, CGI has paid the sum of $30,704.86 in compensation and indemnity benefits to Zuhlke, and $63,465.24 in healthcare and medical treatment benefits to and on behalf of Zuhlke in accordance with the Alabama Workers' Compensation Act. (Id. at ¶20). Zuhlke's medical treatment is ongoing. (Id. at ¶21).

Plaintiff filed this lawsuit contending that defendants are "statutorily subrogated to [plaintiff] for … tort causes of action (Counts [o]ne through [f]ive)." (Doc. 1 at ¶22). Plaintiff's complaint contains the following causes of action: negligence/wantonness (count one); negligent failure to provide safe premises (count two); wanton failure to provide safe premises (count three); negligent hiring, training, maintenance or supervision (count four); *respondeat superior* (count five); and statutory subrogation (count six). (Id.).

### III. Discussion.

Plaintiff makes clear in its complaint that this action is brought "pursuant to the Alabama Workers' Compensation Act (§25-5-1, et seq.) and the [Alabama] Declaratory Judgment Act (§6-6-220, et seq.) for the purpose of pursuing the [its] subrogation rights and declaring the parties' obligations with respect to one another under the Alabama Workers' Compensation Act." (Doc. 1 at ¶6). Moreover, plaintiff seeks, with regard to each claim, relief "to which [plaintiff] may be entitled under §25-5-11(d) or otherwise." (Doc. 1 at ¶¶24, 28, 32, 35, and 38). Thus, plaintiffs' claims arise under the Alabama Workers' Compensation Act. Indeed, this very court – when presented with another complaint containing the same causes of action presented in the instant case – previously determined that such claims arise under the Alabama Workers' Compensation Act.

In Alabama Home Builders Insurance Fund v. Project Builders, Inc., 2012 WL 2359402 (M.D. Ala. 2012) (Coody, J.), plaintiffs – a non-profit self-insurer's trust which provides workers' compensation coverage for member companies, and the claims service that manages and disburses workers' compensation benefits – filed a complaint in state court against the entity that oversaw a building project at which one of their member companies' employees was injured while working. Id. at *2. The plaintiffs stated in their complaint, just as the plaintiff does in this case, that their claims were brought pursuant to the Alabama Workers' Compensation Act and the Alabama Declaratory Judgment Act. See Id.[1] The plaintiffs also alleged the same six causes of action – in the same order – as the

---

[1] See also 3:12-cv-153-CSC, Doc. 1.

4

plaintiff has in the instant complaint. Id. at n. 6. After defendants removed the case, the plaintiffs filed a motion to remand. Plaintiffs argued that the case could not be removed, contending that the claims in the complaint arise under the Alabama Workers' Compensation Act. Id. at *1. The defendants argued, as plaintiff does here, that because the claims sound in tort, they do not "arise" under the Alabama Workers' Compensation Act. The court disagreed, explaining as follows:

> In enacting 28 U.S.C. § 1445(c), Congress restricted the ability of defendants to remove cases that arise under the workmen's compensations laws from state court to federal court. "This statute "reflects a strong congressional policy that where the state court has been utilized by one of the parties in the state compensation machinery, the case should remain in the state court for its ultimate disposition."" *Jones* [*v. Roadway Express, Inc.*] 931 F.2d [1086] at 1091[5th Cir. 1991] (quoting *Kay v. Home Indemnity Co.*, 337 F.2d 898, 902 (5th Cir. 1964)). Thus, the defendants' removal is proper only if the court concludes that the plaintiffs' claims do not "arise under" Alabama's workers' compensation laws.
>
> While the courts have not addressed this issue in the context of 28 U.S.C. § 1445(c), the "arises under" language has been construed in relation to the federal question jurisdictional statute, 28 U.S.C. § 1331. The law is well-established that "[a] case "arises under" federal law within the meaning of § 1331 if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh,* 547 U.S. 677, 689–90, 126 S.Ct. 2121, 165 L.Ed.2d 131 (2006). *See also Minis v. Arrow Financial Services, LLC.,* —— U.S. ——, —— – ——, 132 S.Ct. 740, 748–49, 181 L.Ed.2d 881 (2012) ("when federal law creates private right of action and furnishes the substantive rules of decision, the claim arises under federal law."). These cases inform the court on how to apply and construe the term "arising under."
>
> The defendants argue that because the plaintiffs' claims are tort claims, they do not "arise under" Alabama's workers' compensation laws. The court disagrees. "A suit arises under the law that creates the cause of action." *Am. Well Works Co. v. Layne & Bowler Co.,* 241 U.S. 257, 260, 36 S.Ct. 585, 60 L.Ed. 987 (1916). Alabama's Workers' Compensation Act creates the statutory scheme that permits the Plaintiffs to proceed against

5

these defendants. Ala Code § 25–5–11(a) authorizes an injured employee to seek worker's compensation benefits from the employer as well as to bring suit against third parties to recover damages for the injury. Fulghum settled his workers' compensation claims against his employer, The Roofing Company, but did not pursue an action against Project Builders or REPCO. (Doc. # 3, Ex. 3 at 5, ¶ 23). Consequently, pursuant to Ala Code § 25–5–11(d), the plaintiffs can bring this action.

> In the event the injured employee, ... do[es] not file a civil action against the other party to recover damages within the time allowed by law, the employer or insurance carrier for the employer shall be allowed an additional period of six months within which to bring a civil action against the other party for damages on account of the injury or death. In the event the employer or the insurance carrier has paid compensation to the employee ..., the civil action may be maintained either in the name of the injured employee, ... or the insurance carrier. In the event the damages recovered in the civil action are in excess of the compensation payable by the employer under this chapter and costs, attorney's fees, and reasonable expenses incurred by the employer in making the collection, the excess of the amounts shall be held in trust for the injured employee ...

Ala. Code § 25–5–11(d).

The rights of the plaintiffs to pursue this action are wholly dependent upon the statutory scheme created by Alabama's Workers' Compensation Act. "In short, were it not for the workers' compensation laws, [the cause of action] would not exist." *Jones,* 931 F.2d at 1092. Accordingly, in the context of this case, the court concludes that the plaintiffs' claims "arise under" Alabama's worker compensation laws because it is only by virtue of the statutory authority contained within the Alabama Workers' Compensation Act, Ala.Code § 25–5–11(d), that the plaintiffs have a cause of action against the defendants. *See Jackson v. Burke,* 2010 WL 2179115 (M.D.Ala.2010) (No. 8:10–CV–766–27EAJ).

Alabama Home Builders, 2012 WL 2359402 at *3.

This court agrees with and adopts the reasoning of the court in Alabama Home Builders. Plaintiff's causes of action, which are precisely the same as those presented in

Alabama Home Builders, would not exist but for the statutory authority contained in the Alabama Workers' Compensation Act, specifically Ala. Code § 25-5-11(d) (expressly allowing an employer or insurance carrier for the employer to bring a civil action against the other party for damages on account of the injury). Thus, it is clear that the claims arise under the Act.[2] However, the inquiry does end there.

Unlike the Alabama Home Builders case, the present case is not before the court on a motion to remand after removal from state court. Instead, plaintiff filed this case in federal court, invoking this court's diversity jurisdiction. Therefore, the court must determine whether – in diversity cases in which the amount in controversy is met – a federal court has subject matter jurisdiction over claims clearly arising out of the Alabama Workers' Compensation Act. This question was answered in an analogous context by the Supreme Court in 1961. In Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 350 (1961), the Court addressed whether federal courts had diversity jurisdiction over Texas Workers'

---

[2] The court recognizes that a sister court has reached a contrary conclusion in at least one case. See Raye v. Employer's Ins. of Wausau, 345 F. Supp. 2d 1313 (S.D. Ala. 2004). However, that case – cited by plaintiff – is distinguishable, at least as it applies to the instant matter. In Raye, an employee who suffered a workplace injury filed suit against his employer's workers' compensation carrier. Plaintiff alleged that the carrier had failed to pay certain medical bills in accordance with the settlement agreements stemming from his two prior lawsuits against it. The complaint contained two claims – one for negligence and one for outrage. The court held that though the claims were "related" to Alabama's workers' compensation laws, the claims did not "arise" from the workers' compensation laws because they were creatures of common law. Id. at 1316.

    Raye presents different circumstances from the case presently before this court. The claims pursued by the plaintiff in Raye stemmed from the workers' compensation carrier's failure to make payments *in accordance with settlement agreements negotiated and entered into by the parties*, as opposed to laws governing workers' compensation. The undersigned agrees with the Raye court that, in that particular case, while "the plaintiff … demanded recovery of worker's compensation benefits," because he did so "under the rubric of common-law claims of outrage and negligence" the claims did not arise under Alabama's workers' compensation scheme. However, in the instant case, plaintiff's causes of action against this defendant exist by virtue of the statutory authority contained within Alabama's workers' compensation laws. See Ala. Code § 25-5-11(d)(expressly allowing an employer or insurance carrier for the employer to bring a civil action against the other party for damages on account of the injury).

Compensation claims in light of 28 U.S.C. § 1445(c), which prohibits removal of a civil action from state court arising under state workers' compensation laws. Id. at 348. Justice Black, writing for the majority, concluded that where diversity is present and the amount in controversy requirement is met, a federal court does have subject matter jurisdiction over claims arising under a state's workers' compensation laws. He explained:

> [T]he purpose and effect of the 1958 amendment were to reduce congestion in the Federal District Court's partially caused by the large number of civil cases that were being brought under the long-standing $3,000 jurisdictional rule. This effort to reduce District Court congestion followed years of study by the United States Judicial Conference and Administrative Office of the United States Courts, as well as by the Congress. To accomplish this purpose the 1958 amendment took several different but related steps.  It raised the requisite jurisdictional amount from $3,000 to $10,000 in diversity and federal question cases; it provided that a corporation is to be deemed a citizen not only of the State in which it was incorporated but also of the State where it has its principal place of business; and most importantly here, it also for the first time forbade the removal of state workmen's compensation cases from state courts to the United States District Courts. In discussing the question of state workmen's compensation cases, the Senate Report on the amendment evidenced a concern not only about the problem of congestion in the federal courts, but also about trial burdens that claimants might suffer by having to go to trial in federal rather than state courts due to the fact that the state courts are likely to be closer to an injured worker's home and may also provide him with special procedural advantages in workmen's compensation cases.
>
> The foregoing are some of the appealing considerations that led the District Court to conclude that it would frustrate the congressional purpose to permit insurers to file workmen's compensation suits in federal courts when Congress had deliberately provided that such suits could not be removed to federal courts if filed by claimants in state courts. But after the most deliberate study of the whole problem by lawyers on the Senate Judiciary Committee in the light of statistics on both removals and original filings, Congress used language specifically barring removal of such cases from state to federal courts and at the same time left unchanged the old language which just as specifically permits civil suits to be filed in federal courts in cases where there are both diversity of citizenship and the prescribed jurisdictional amount. In this situation we must take the intent of

> Congress with regard to the filing of diversity cases in Federal District Courts to be that which its language clearly sets forth. Congress could very easily have used language to bar filing of workmen's compensation suits by the insurer as well as removal of such suits, and it could easily do so still. We therefore hold that under the present law the District Court has jurisdiction to try this civil case between citizens of different States if the matter in controversy is in excess of $10,000.

Horton, 367 U.S. at 350-351. See also Hernandez v. Travelers Ins. Co., 489 F.2d 721, 723-724 (5th Cir. 1974)(discussing the holding in Horton)[3]; Collins v. Central Foundry, 263 F.2d 712 (5th Circuit 1959)(without commenting on subject matter jurisdiction, allowing an employee's estate to pursue – in federal district court, and then on appeal to the Fifth Circuit – a claim for benefits under the Alabama Workers' Compensation Act); Rubell v. General Dynamics Corp., 2011 WL 477175, *1 (N.D. Tex. 2011)(citing Horton and holding that "[a]lthough it is unusual to find a worker's compensation case filed in [f]ederal [c]ourt because it is a state statutory action, the court does have subject matter jurisdiction so long as complete diversity and the requisite amount in controversy is established"); American Zurich Ins. Co. v. Jasso, 2012 WL 12535938, *2 (W.D. Tex. Mar. 26, 2012)(same). While the Eleventh Circuit does not appear to have addressed this issue or otherwise interpreted Horton's pronouncement regarding federal courts' subject matter jurisdiction over claims arising out of state workers' compensation laws, the court is nonetheless bound by Horton's holding.

---

[3] In Bonner v. Pritchard, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

9

Nevertheless, defendant argues that Horton is not controlling because it was decided in 1961, "years before the Alabama Legislature amended the [Alabama Workers' Compensation] Act in 1992." (Doc. 15 at 6). Defendant contends that the 1992 amendments are critical because Ala. Code § 25-5-81 was promulgated as part of the amendment and, by enacting § 25-5-81, Alabama created a cause of action that can be pursued only in the courts of Alabama and under its procedural rules. (Id. at 6-7). Ala. Code § 25-5-81 states the following, in pertinent part:

> **Section 25-5-81**
>
> **Determination of disputed compensation claims generally.**
>
> (a) Commencement of action in circuit court.
>
> (1) PROCEDURE. In case of a dispute between employer and employee or between the dependents of a deceased employee and the employer with respect to the right to compensation under this article and Article 2 of this chapter, or the amount thereof, either party may submit the controversy to the circuit court of the county which would have jurisdiction of a civil action in tort between the parties. The controversy shall be heard and determined by the judge who would hear and determine a civil action between the same parties arising out of tort, and, in case there is more than one judge of the court, the controversies shall be set and assigned for hearing under the same rules and statutes that civil actions in tort are set and assigned. The court may hear and determine the controversies in a summary manner. The decision of the judge hearing the same shall be conclusive and binding between the parties, subject to the right of appeal provided for in this article.

Ala. Code § 25-5-81 (1975).

This court is not persuaded that § 25-5-81 requires all cases arising out of the Alabama Workers' Compensation Act – especially as defined in federal jurisprudence – to be filed in state circuit court. The Act never expressly provides to that effect; indeed, the provision that "either party *may submit* the controversy to the circuit court of the county

which would have jurisdiction of a civil action in tort between the parties" is merely permissive, not mandatory. Id. (emphasis added). Further, even if the undersigned read this section to stand for the proposition urged by defendant, the section refers only to "case[s] of a dispute between employer and employee or between the dependents of a deceased employee and the employer with respect to compensation," and does not apply to the instant lawsuit; the instant case involves a claim by an employer against a party whom it seeks to hold responsible for its employee's injury.  Finally, the court has been unable to locate a case from within the Eleventh Circuit holding that claims arising out of the Alabama Workers' Compensation Act must be brought in a state circuit court. While defendant notes one non-binding district court case in support of this proposition – Ryder Services Corp. v. Savage, 945 F. Supp. 232 (N.D. Ala. 1996) (Acker, J.) – the court finds the reasoning in Ryder unpersuasive. In Ryder – a case decided in the context of a suit between an employer and employee over workers' compensation benefits – the court referenced Ala. Code § 25-5-81(a)(1) and concluded that, by virtue of this section, "it appear[ed] … that the Alabama Legislature intended that its newly created cause of action be tried only in an Alabama trial court." Id. at 234-235. However, the Ryder court did not cite any authority, with the exception of § 25-5-81 itself, for this proposition. In addition, it did not consider or distinguish Horton and its progeny; thus, this court declines to adopt the Ryder court's holding.

    In conclusion, given the binding precedent of Horton and its Fifth Circuit progeny, and the lack of persuasive authority holding that claims arising under Alabama's workers' compensation scheme cannot be brought in federal court when diversity is present, this

court has subject matter jurisdiction over plaintiff's claims. Accordingly, it is the recommendation of the undersigned that defendant's motion to dismiss for lack of subject matter jurisdiction be denied.

## IV. CONCLUSION AND RECOMMENDATION

For the reasons stated herein, the Magistrate Judge **RECOMMENDS** that defendant's motion to dismiss for lack of subject matter jurisdiction (Doc. 10) be **DENIED**.

It is ORDERED that the parties shall file any objections to the said Recommendation on or before September 15, 2016. Any objections filed must specifically identify the findings in the Magistrate Judge's recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the magistrate judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Nettles v. Wainwright, 677 F.2d 404 (5th Cir. 1982). See Stein v. Reynolds Securities, Inc., 667 F.2d 33 (11th Cir. 1982).

DONE, on this the 1st day of September, 2016.

/s/ Susan Russ Walker  
Susan Russ Walker  
Chief United States Magistrate Judge